CREHORE, APPELLANT, *v.* THE REGISTRAR OF GUAYAMA,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property Regarding the Record of a Judicial Order With Curable Defect.

No. 231.—Decided July 6, 1915.

RECORD OF JUDICIAL ORDERS—POWERS OF REGISTRARS.—Although article 18 of the Mortgage Law confers upon registrars the power to pass upon orders directed to them by judicial authorities to be recorded in the registry, that power does not go to the extent of allowing them to pass upon the intrinsic justice or injustice of judicial decisions; nevertheless it authorizes them to inquire into the nature of the order, of the trial at which it was made, of the proceeding, and whether the judge had jurisdiction.

ID.—CANCELLATION OF MORTGAGE—JURISDICTION—CURABLE DEFECT.—When a judicial order for the cancellation of a mortgage made by agreement of the heirs does not state whether they appeared personally or by their legal representatives, this omission is a defect because it goes to the jurisdiction of the court.

·The facts are stated in the opinion.

*Mr. José C. Ramos* for the appellant.

Mr. Felipe Cuchí Arnau, the registrar, did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the decision rendered by the Judge of the District Court of Guayama in proceedings instituted by Charles L. Crehore relative to the deposit of a sum of money, which decision was incorporated in the order issued to the Registrar of Property of Guayama for the cancellation of a certain mortgage, it was stated that all the heirs of Jesús María Texidor Vázquez had appeared in the proceedings, to wit, María Torres Díaz, widow and executrix; Jacinto and Jesús María Texidor y Alcalá del Olmo; the Succession of Manuel Texidor y Alcalá del Olmo; Clementina Texidor Vázquez, and Rigoberto McFarlane Texidor, and had expressed their conformity with the deposit and agreed that an order should issue to the registrar for the cancellation of the mortgage to which the deposit referred.

The registrar made the cancellation ordered but "noted the curable defect that the decision did not state the manner

in which the heirs had appeared for the purpose of consenting to the deposit.'' From that decision as to the curable defect Charles L. Crehore took the present administrative appeal.

Although article 18 of the Mortgage Law confers upon registrars the power to pass upon all documents directed to them by judicial authorities to be recorded in the registry, that power does not go to the extent of allowing them to pass upon the intrinsic justice or injustice of judicial decisions, as we have stated repeatedly; nevertheless it authorizes them to inquire into the nature of the order, of the trial at which it was made, of the proceeding and whether the judge had jurisdiction. *Fernández* v. *The Registrar of Property,* 17 P. R. R., 1021.

Although it is stated in the present case that all the heirs of Jesús María Texidor, including the Succession of Manuel Texidor, appeared and agreed to the cancellation of their mortgage rights, it does not state whether they appeared personally or by their legal representatives, which it is important that the registrar should know so as to judge of the validity of the consent given for the cancellation of the mortgage; therefore the least that the said registrar could do was to point out the curable defect of failure to state the manner in which the parties appeared, and this he is authorized to do because it refers to the proceedings which give jurisdiction to the court.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison recurred.